## In re JENNINGS.
### Patent Appeal No. 2697.

Court of Customs and Patent Appeals.
April 22, 1931.

Louis W. Southgate, of New York City (Chas. E. Riordon, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner denying all of the claims, Nos. 4 and 6 to 11, inclusive, in appellant's application for a patent for an alleged invention relating to improvements in wet vacuum pumping apparatus, and consists in securing the motor and pumps as a unit to the side of the tank, and providing a float control for the electric motor.

Claims 4 and 8 are illustrative. They read:

"4. A pumping apparatus of the class described including a tank, a casing containing a liquid and a gas pump secured to the side of the tank, a frame rabbeted to the pump casing, a motor carried by the frame, and means for securing these parts as a unit to the tank."

"8. In an apparatus of the class described, the combination of a tank, a lug therein, a yoke fitting said lug, an arm extending from said yoke and carrying a float, a shaft extending through the tank, lug and yoke, means as a screw for adjustably connecting the yoke and shaft, an electric switch, and connections between the shaft and switch."

The references are: Creamer, 404,174, May 28, 1889; Coppus, 1,056,151, March 18, 1913; Wellington, 1,125,611, January 19, 1915; McCarthy, 1,264,315, April 30, 1918; Wilson, 1,463,989, August 7, 1923; Jennings, 1,592,024, July 13, 1926.

In his specification, appellant stated that the object of the alleged invention was to improve the wet vacuum apparatus disclosed in the Jennings' reference, which comprised a rigid base, a tank and motor secured to the base, and pumps fastened to the side of the tank.

Counsel for appellant contends that considerable difficulty was encountered in aligning the motor with the pumps in the apparatus disclosed in the Jennings' reference, due to the fact that the motor was secured to the base; and that, by securing the motor and pumps as a unit to the side of the tank, they may be removed and replaced as a unit, or separately, as desired, and the motor is retained in alignment with the pumps.

Appellant has undoubtedly improved the apparatus disclosed in the patent issued to him in 1926. This is not denied by the Patent Office tribunals. They concurred, however, in holding that, in view of the references of record, the improvements defined in the claims do not involve invention.

In its decision, the Board of Appeals described and applied the references in the following language:

"The patent to Jennings discloses the combination set forth in claims 4, 6, 7, 9, 10, and 11 except that the motor is supported on the machine base instead of being secured to a rabbeted seat on the pump casing. The patent to Wilson discloses a construction in which the container 51 corresponds to appellant's container B, the rabbeted pump casing 2 to appellant's pump casing, and the motor 4 with its legs 3 to appellant's motor M and legs 11. In Wilson the motor and pump casing are attached to the top of the container but there would be nothing inventive in supporting Wilson's structure on the side of the tank in view of Jennings in which the pump casing is so located and the motor is axially aligned with the pump. The patent to Coppus also shows a motor and pump or fan arranged horizontally and supported as a unit from an opening in the side of the casing. 5. The purpose of appellant's construction is to insure accurate alignment of these elements which is also stated on page 1, lines 27 to 36 as one object of Wilson's invention. If Wilson's perforated motor support is considered not the same as appellant's legs 11, it is clearly an equivalent therefor, the leg type of support being old, as shown in Wellington.

"Claim 8 was rejected on Creamer. In the reference the lug is divided and the float carrying arm is secured between the two parts of the lug whereas in appellant's construction the lug is single and is embraced by the yoke on the float arm. One structure is a mere reversal of the other. In the reference the

shaft appears to be integral with the float arm instead of being adjustable therein but there is no invention in merely making parts adjustable by the common means of a set screw. The reference operates a valve R instead of an electric switch but these elements are recognized equivalents in a float controlled device."

We have given the issues involved careful consideration. Were it proper to grant appellant a patent merely because he has decidedly improved the apparatus disclosed in his patent No. 1,592,024, it would be necessary to reverse the decision of the Board of Appeals. Regardless, however, of the importance of the improvements in a commercial sense, invention, as distinguished from obvious mechanical changes, must be present to warrant the issuance of a patent.

Although counsel for appellant has vigorously urged the presence of invention in the involved application, we are unable to find any error, either in the reasoning or in the conclusion reached by the tribunals of the Patent Office. The decision of the Board of Appeals must, therefore, be and, accordingly, is affirmed.

Affirmed.